UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VHS ACQUISITION SUBSIDIARY NO. 7,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, *et al.*<br><br>Defendants. | Case No. 1:24-cv-02577 (TNM) |

## MEMORANDUM ORDER

VHS Acquisition Subsidiary No. 7, doing business as Saint Vincent Hospital ("Saint Vincent"), brings this Emergency Motion. It is styled as one for a "Stay Pending Appeal." Emergency Mot, ECF No. 30. The Motion comes on the heels of the Court's denial of Saint Vincent's Application for a Temporary Restraining Order, *see* Minute Order 09/10/2024, and its Motion for a Permanent Injunction, Mem. Order, ECF No. 28. Yet like the Lernaean Hydra, Saint Vincent regenerates its request for emergency relief once more.

The Court denies the motion. Saint Vincent may not repackage its demand with a new label and expect a different result. The Court reiterates: It lacks authority to offer the requested relief.

I.

The relevant facts of this case are summarized in the Court's previous denial of injunctive relief. *VHS Acquisition Subsidiary, No. 7 v. Nat'l Lab. Relations Bd.*, 1:24-cv-02577 (TNM), 2024 WL 4817175, at *1–2 (D.D.C. Nov. 17, 2024). Essentially: Saint Vincent is a hospital that has been accused of various unfair labor practices by a nurses' union. *Id.* at *1. That union filed a formal complaint with the National Labor Relations Board ("NLRB"). *Id.* The NLRB then

commenced an enforcement action against Saint Vincent, charging the hospital with violating various provisions of the National Labor Relations Act. *Id.* But Saint Vincent is adamant about avoiding adjudication before the NLRB. It first sought a Temporary Restraining Order before this Court, only days before its administrative proceeding was to begin. Mot. TRO, ECF. No. 3. The Court denied that request. Minute Order 09/10/2024. It then sought a permanent injunction. Mot. Inj., ECF No. 12. The Court recently denied that request. It found that the Norris-LaGuardia Act ("Act") precluded its jurisdiction to grant injunctive relief. *VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175, at *7. Specifically, that Saint Vincent's challenge to the NLRB Administrative Law Judge's removal restrictions "gr[ew] out of a labor dispute" as defined by the Act. 29 U.S.C. § 101; *VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175, at *5. And that Saint Vincent failed to show that it would suffer irreparable harm in the absence of injunctive relief. *VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175, at *6. Together, those conditions prevented the Court from issuing an injunction to stop the pending NLRB proceedings. *Id.* at *7. Saint Vincent promptly appealed to the D.C. Circuit. Not. Appeal, ECF No. 28.

Now Saint Vincent appears again, asking the Court to grant a "stay" to "prevent[] the [NLRB] from proceeding against it while its appeal is pending" under Federal Rule of Appellate Procedure 8. Emergency Mot. 1. For the reasons below, that motion is denied.

## II.

Federal Rule of Appellate Procedure 8 permits a party to move the district court for "a stay of the judgment or order of [the] district court pending appeal." Fed. R. App. P. 8(a)(1)(A). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, "[i]t is an exercise of judicial

discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 672–73. The moving party bears the burden of showing it is entitled to such extraordinary relief. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

To do so, the movant must show four things. First, that it is "likely to succeed on the merits." *Id.* at 434. Second, that it "will be irreparably injured absent a stay." *Id.* Third, that the issuance of a say will not "substantially injure the other parties interested in the proceeding." *Id.* And fourth that "the public interest lies" in its favor. *Id.* When the Government is the opposing party, as here, the third and fourth factors "merge." *Id.* at 435.

### III.

Saint Vincent is not entitled to relief.

*First*, Saint Vincent may be right that the Norris-LaGuardia Act does not foreclose the issuance of a stay, even though it precludes the granting of an injunction. While courts often use the terms interchangeably, they are not fungible. *Nken*, 556 U.S. at 428–30. And the Act is mute on the propriety of stays, only precluding courts from issuing "restraining order[s] or temporary or permanent injunction[s]." 29 U.S.C. § 101. Still, that does not turn Saint Vincent's requested relief into a stay. An injunction is an order that "*alter[s]* the legal status quo," while a stay "simply suspends judicial alteration of the status quo." *Nken*, 556 U.S. at 429 (cleaned up). The status quo here is that the underlying NLRB proceeding continues as scheduled. To order a cessation of the proceeding would thus shake things up, not keep things as they already are. So Saint Vincent can call this a stay all it wants, but that does not make it one. The requested relief is better styled as an injunction, which the Court has already denied.

*Second*, the authority of the Court to pause an ongoing administrative proceeding is tenuous. Federal Rule of Appellate Procedure 8 does not entitle Saint Vincent to such relief. By

its plain terms, Rule 8 only permits the district court to stay its *own* judgment or order pending appeal. Fed. R. App. Pro. 8(a)(1)(A); *see also Cervantes De Hernandez v. Chertoff*, 368 F. Supp. 2d 909, 911 (E.D. Wis. 2005) ("[Plaintiff] is asking the Court to actively interfere with the determination of *another* government body—specifically with an executive agency determination—by granting a stay of deportation. Federal Rule of Appellate Procedure 8 does not give the Court authority to take such action."). And, true, courts have the inherent power to "stay the enforcement of a[n] [administrative] *judgment* pending the outcome of an appeal." *Scripps-Howard Radio v. Fed. Commc'ns Comm'n*, 316 U.S. 4, 10 (1942) (emphasis added). But whether that equitable authority extends to the suspension of an *ongoing* administrative proceeding is less clear.

*Third*, and most importantly: Saint Vincent cannot show that it will suffer irreparable harm in the absence of a stay. The Court explained this at length in its prior order. *VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175, at *5–6. It will not do so again. Controlling Circuit precedent prevents the Court from finding that adjudication by an allegedly unconstitutionally structured agency wreaks irreparable injury. *See id.* (citing *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129 (D.C. Cir. 2017) and *In re al-Nashiri*, 791 F.3d 71 (D.C. Cir. 2015)). Just today, the D.C. Circuit affirmed this principle. *Alpine Sec. Corp. v. Fin. Indus. Reg. Auth.*, No. 23-5129, slip op. at 34 (D.C. Cir. Nov. 22, 2024) ("[P]articipating in a proceeding before [] an unconstitutional[] officer is not, without more, an injury that necessitates preliminary injunctive relief."); *see also id.* at 36 (rejecting arguments that *Axon Enterprises* undermines its holding). But that bare assertion of injury is the only harm that Saint Vincent can allege. Emergency Mot. 15–17. Because the question of irreparable harm has been asked and

answered, the motion for stay is denied. Saint Vincent must save its protestations to the contrary for an en banc Court of Appeals.

## IV.

For all these reasons, the Emergency Motion for a Stay is **DENIED.**

Dated: November 22, 2024            TREVOR N. McFADDEN
                                    United States District Judge